IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HUI XU, an individual, | Case No. 6:20-cv-01201-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LIGHTSMYTH TECHNOLOGIES, INC., a Delaware Corporation, and FINISAR, a Delaware Corporation, | |
| Defendants. | |

_____

MCSHANE, Judge:

Before the Court is a Petition for Attorney's Fees and Costs, brought by Defendants LightSmyth Technologies, Inc., and Finisar against Plaintiff Hui Xu. Defs.' Pet., ECF No. 105. Defendants' Petition is brought pursuant to this Court's prior Order for Fees and Costs, ECF No. 87 ("Att'y Fees Order"). Because Ms. Xu has failed to meet her burden to show why the award should be reduced, the Court GRANTS Defendants' Petition.

## BACKGROUND

Pursuant to the Court's Order for Attorney Fees and Costs, Ms. Xu was ordered to reimburse Defendants for reasonable attorney fees and incurred costs resulting from Ms. Xu's discovery misconduct, as detailed in Defendants' Motion for Recovery of Fees and Costs. Att'y Fees Order 9. Unable to reach an agreement on reasonable fees and costs, the parties now turn to the Court. Defendants seek $46,465.00 in attorney's fees and $6,697.95 in costs resulting from Ms. Xu's discovery misconduct. Defs.' Pet. at 2. Ms. Xu does not contest the reasonableness of

Defendants' billing rates but argues that unnecessary and duplicative hours and clerical work should be subtracted from the award. Pl.'s Resp. at 2–3, ECF No. 109.

## LEGAL STANDARD

The party challenging the reasonableness of fees bears "the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995). "If [the party challenging the reasonableness of fees] cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the court] should normally grant the award in full, or with no more than a haircut"—i.e., ten percent. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008); *Nadarajah v. Holder*, 569 F.3d 906, 920 (9th Cir. 2009).

## DISCUSSION

Ms. Xu fails to specify why Defendants' requested fees and costs are unreasonable. Ms. Xu begins by asking the Court to investigate for itself why Defendants' fees should be reduced. Pl.'s Resp. at 2 ("[Ms. Xu] "request[s] that the Court review the hours and tasks in Defendants' motion and deny any fees requested for unnecessarily duplicative hours or clerical work."). Ms. Xu then offers rule statements to define duplicative and clerical work. *See id.* (requesting court "weigh the complexity of the case and whether the attorneys handled distinct aspects of the task being billed"). The only tasks or billed hours Ms. Xu identifies as duplicative are "the time entry made by John Berg on July 15, 2022, in the amount of $111, and the time entry made by Christine Sargent on July 25, 2022, in the amount of $660." *See id.* at 2–3. Ms. Xu also challenges the "all time entries made by David Bonson and Sara Dueno on the grounds that they appear, without exception, to be clerical in nature." *Id.* at 3.

Ms. Xu has failed to meet her burden of providing specific evidence to challenge the

reasonableness of Defendants' fees and costs.

**I.      Duplicative Work**

Ms. Xu challenges two billable entries as duplicative. Pl.'s Resp. at 3. A court may reduce an award "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). The first contested entry is for John Berg, charging $111 for 0.3 hours of work on July 15, 2022, with an entry description of: "Continue review and analysis of documents uncovered through forensic examination." Defs.' Pet. at 5. The second contested entry is for Christine Sargent, charging $660 for 2.4 hours of work on July 25, 2022, with an entry description of: "Review and analyze documents not produced by plaintiff previously but identified in forensic examination[.]" *Id.* at 5–6. Ms. Xu has not specified why these entries are duplicative, excessive, or otherwise unnecessary. *See* Pl.'s Resp at 2–3. Having examined Defendants' billing sheet, the Court does not find any indication these specific entries are duplicative. Although there are other entries related to document review, Ms. Xu provides no evidence nor argument that Mr. Berg and Ms. Sargent were either re-reviewing documents or doing redundant work. *See generally* Defs.' Pet. at 4–18 (billable hours chart); Pl.'s Resp at 2–3. Employment cases can require exhaustive discovery efforts, especially when discovery misconduct is uncovered. Moreover, continuing unfinished work is not duplicative.

Absent further elaboration or identification of duplicative work, the Court declines Ms. Xu's invitation to fully analyze Defendants' billing for itself. Because Ms. Xu fails to provide specific evidence that Defendants' fees and costs are unreasonable because of duplicative work, Ms. Xu shall reimburse Defendants for Mr. Berg's and Ms. Sargent's work identified here.

## II.  Clerical Work

Ms. Xu challenges all time entries for Mr. Bonson and Ms. Dueno because they "appear, without exception, to be clerical in nature." Pl.'s Resp. at 3. "[I]t is inappropriate to seek fees for . . . purely secretarial or clerical work." *Lafferty v. Providence Health Plans*, 2011 WL 127489 at *7 (D. Or. Jan. 14, 2011) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Frevach Land Co. v. Multnomah Cnty.*, 2001 WL 34039133 (D. Or. Dec. 18, 2001)). "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F.Supp.2d 1228, 1251 (D. Or. 2013) (citing *Sterling Sav. Bank v. Sequoia Crossing, LLC*, 2010 WL 3210855 at *7 (D. Or. Aug. 11, 2010)).

Ms. Xu has not supported her assertion that Mr. Bonson and Ms. Dueno billed for clerical work. Mr. Bonson was a Litigation Support Project Manager, and Ms. Dueno was a Paralegal. Defs.' Pet. at 19–20. As Defendants explain, Mr. Bonson aided Defendants during discovery, including in uncovering Ms. Xu's discovery misconduct, "culling and uploading tens of thousands of documents . . . and [] conducting targeted searches for responsive documents within those documents." *See* Defs.' Reply 4–5, ECF No. 112; Def.'s Pet. at 20. These billable entries, despite containing language arguably associated with clerical work, such as "filing" and "documents," pertain to discovery, and are not clerical in nature. *See, e.g.*, Defs.' Pet. at 10 ("Pursuant to the request by the case team, analyze specific documents in Relativity and prepare review batches of documents for substantive analysis by the case team."); *id.* at 5 ("Review and analyze the following (electronic) evidence and prepare specifications for processing and loading

into Relativity for substantive case team review.").[1] The only billable entry for Ms. Dueno also relates to discovery. *Id.* at 4. ("Text message and email communications with J. Brillhart regarding upload to Relativity in order to review and identify [relevant] documents[.]" (alteration in original)).

Having reviewed the billing entries for Mr. Bonson and Ms. Dueno, the Court is not persuaded that their work was clerical in nature. Because Ms. Xu fails to provide specific evidence that Defendants' fees and costs are unreasonable because of clerical work, Ms. Xu shall reimburse Defendants for Mr. Bonson's and Ms. Dueno's work.

## **CONCLUSION**

For the reasons stated above, Defendants' Petition for Attorney's Fees and Costs, ECF No. 105, is GRANTED. Incorporating a discretionary ten-percent reduction, the Court awards Defendants $41,818.50 in attorney's fees and $6,028.15 in costs. *Moreno*, 534 F.3d at 1112.

Ms. Xu is ordered to pay Defendants a total award of $47,846.65.

IT IS SO ORDERED.

DATED this 30th day of September, 2025.

                s/Michael J. McShane_____
                Michael McShane
                United States District Judge

---

[1] Relativity is a software tool used to aid in discovery. *RelativityOne for E-Discovery*, RELATIVITY, https://www.relativity.com/data-solutions/ediscovery/ (last visited July 25, 2025).